**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elfido Gudiel SAMAYOA, Defendant–Appellant.**

**No. 99–50149.**

**D.C. No. CR–97–00060–GLT.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001 *.

Decided Nov. 15, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM **

This case involves a *Batson*[1] challenge to the Government's use of peremptory challenges to excuse three Hispanic individuals from the jury panel for a drug offense trial. Appellant Samayoa argues that the district court's *Batson* analysis was flawed and that the Government's reasons for excusing the prospective jurors were mere pretext for racial discrimination. We conclude that the district court's *Batson* analysis was correct. Regarding pretext, Samayoa waived one of his pretext arguments by failing to raise it before the district court, and any other errors in the court's pretext analysis were harmless. Accordingly, we affirm.

Samayoa argues that the district court improperly merged the second and third steps of the *Batson* analysis and erroneously concluded that the Government's explanations for its peremptory challenges were race-neutral. Samayoa also appears to argue that the district court did not make credibility findings regarding the Government's explanations, as *Batson* requires. The record supports these arguments only if the portions Samayoa cites are taken out of context. Our reading of the record indicates that the district court correctly adhered to *Batson*'s analytical framework.

■ Samayoa's argument that the Government's explanations were mere pretext

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

for racial discrimination presents a closer question. The district court performed a comparative analysis[2] in regard to prospective juror Meraz, reasonably concluding that because Samayoa identified in seated jurors only some of the characteristics the Government cited in excusing Meraz, the Government's explanations were not a pretext for racial discrimination.[3]

█ The district court does not appear to have performed a comparative analysis in regard to prospective jurors Lopez and Gomez. Samayoa argues that the Government's reason for excusing Lopez—the fact that Lopez had previously served on a hung jury—was pretextual because the Government had not excused the immediately preceding juror, Smith, who had also served on a hung jury. This argument presents a plausible claim of pretext. However, Samayoa did not make this argument to the district court, which precludes our consideration of it now.[4]

█ Samayoa also argues that the Government's explanation for excusing Gomez was pretextual because the Government excused Gomez for being "casually dressed" while accepting others jurors who were dressed similarly. This argument fails because, in excusing Gomez, the Government also cited his earring as evidence of a more liberal, defense-oriented viewpoint, and as a second reason for excusing Gomez distinct from the Government's concern over Gomez's T-shirt and overalls.[5] Samayoa has not shown that any

seated juror was wearing both casual clothing and an earring. Accordingly, comparative analysis does not indicate pretext in regard to Gomez,[6] and the district court's failure to perform a comparative analysis was harmless.

AFFIRMED.

---

2. Comparative analysis is a "well established tool" for detecting pretext. *Turner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir.1997). Peremptory challenges "cannot be lawfully exercised against potential jurors of one race unless potential jurors of another race with comparable characteristics are also challenged." *Id.* at 1252 (internal quotation marks and citations omitted).

3. *United States v. Lewis*, 837 F.2d 415, 417 and n. 5. (9th Cir.1988).

4. *See Fenton v. Freedman*, 748 F.2d 1358, 1360 (9th Cir.1984).

5. The Government's concern over Gomez's T-Shirt and overalls apparently had to do with the formality and significance of the setting. The prosecutor said, "[t]his is a United States District Court. Coming in overalls and a T-shirt gives me some pause."

6. *See Lewis*, 837 F.2d at 417 and n. 5.